T.C. Summary Opinion 2005-94

UNITED STATES TAX COURT

EARL GRIFFIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16258-03S.           Filed July 20, 2005.

Earl Griffin, pro se.

<u>Stewart Todd Hittinger</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $2,161 in petitioner's Federal income tax for 1998.

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue.

After concessions by petitioner, the sole issue for decision is whether petitioner is entitled to the earned income credit under section 32(a).[2]

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Gary, Indiana.

Petitioner was previously married, and he and his spouse divorced in either 1996 or 1997. They had one child, a daughter, who was 14 years of age as of the end of the 1998 taxable year. Throughout the year at issue, the child lived with her mother in California.

For the year at issue, 1998, petitioner claimed his daughter as a dependent on his Federal income tax return. Respondent agrees that petitioner was entitled to the dependency exemption deduction because petitioner obtained the necessary consent from his former spouse to claim the dependency exemption deduction for that year. The dependency exemption deduction is not an adjustment in the notice of deficiency.

---

[2] In the notice of deficiency, respondent determined that petitioner failed to report taxable interest income of $36 and that petitioner was not entitled to head-of-household filing status. At trial, petitioner conceded these adjustments and that his filing status was single.

On his 1998 Federal income tax return, petitioner claimed an earned income credit under section 32(a) in the amount of $1,861. The entire amount of the credit was disallowed in the notice of deficiency on the ground that the child did not reside with petitioner during the year in question as required by section 32(c)(3)(A)(ii). Petitioner's concession of the head-of-household issue confirms that the child did not live with petitioner more than one-half of the taxable year as required by section 32(c)(3)(A)(ii).

Respondent agrees that, under section 32(c)(1)(A)(ii), a taxpayer is entitled to the earned income credit if such taxpayer does not have a qualifying child (as is the situation here) but satisfies the following conditions:

(1) The taxpayer's principal place of abode was in the United States for more than one-half of the taxable year;

(2) the taxpayer had attained age 25 and not attained age 65 on or before the close of the taxable year; and

(3) the taxpayer was not a dependent for whom a deduction is allowable under section 151 to another taxpayer for the taxable year at issue. Sec. 32(c)(1)(A)(ii)(I), (II), and (III).

While petitioner in this case satisfies these requirements, there is a further limitation petitioner does not satisfy. Section 32(b) provides a phaseout of the credit where the taxpayer's adjusted gross income exceeds certain prescribed

amounts. Petitioner's adjusted gross income (including the amount conceded) was $14,843, and the limitation for that year was $10,300. Therefore, the Court agrees with respondent that petitioner's adjusted gross income exceeded the amount by which he could have claimed an earned income credit under section 32(c)(1)(A)(ii). Respondent, therefore, is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>